**Date Signed:**
**April 7, 2026**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>AUTUMN KAPUAKOUMELEA PAOO LEVY,<br><br>       Debtor. | Case No.: 25-00947<br>Chapter 7<br><br>Related: ECF 38 |

## ORDER DENYING DEBTOR'S MOTION FOR <u>DETERMINATION OF AUTOMATIC STAY VIOLATION</u>

Debtor Autumn Kapuakoumelea Levy filed a Motion for

Determination of Willful Violation of the Automatic Stay and for Sanctions

(the "Motion"), asserting that her landlords willfully violated the automatic

stay by interfering with her utilities after receiving notice of her bankruptcy

filing. I have carefully reviewed the Motion, the attached exhibits, and the

1

record in this case. For the reasons below, the Motion is DENIED.

## I.    Background

Ms. Levy resides at a rental property in Kapolei (the "Property") owned by Danelle Medeiros and Lawrence Kidder. On May 13, 2025, Ms. Medeiros and Mr. Kidder sent Ms. Levy a written notice (the "Notice Letter") instructing her to vacate the property on or before June 30, 2025.[1] Ms. Levy did not comply.

Ms. Levy filed her first chapter 7 case on July 1, 2025.[2] I dismissed that case on September 9, 2025, because she failed to satisfy 11 U.S.C. § 109(h) and did not obtain required credit counseling.

On October 23, 2025, Ms. Levy filed this chapter 7 case.

Meanwhile, Ms. Medeiros and Mr. Kidder pursued state law remedies. On December 23, 2025, the state district court issued a writ of possession in Case No. 1DRC-25-0010545 (District Court of the First Circuit, State of Hawaii).[3] The state court entered a judgment for possession in

---

[1] ECF 64 at 4.
[2] Case No. 25-00568.
[3] ECF 48 at 12–13.

U.S. Bankruptcy Court - Hawaii  #25-00947  Dkt # 68  Filed  04/08/26  Page 2 of 8

favor of Ms. Medeiros and Mr. Kidder on January 2, 2026.[4]

The court dismissed Ms. Levy's second chapter 7 case on December 24, 2025, because she failed to pay the required filing fee.[5] Ms. Levy paid the filing fee and filed a motion to vacate dismissal on January 6, 2026.[6] On January 7, 2026, I set aside the dismissal and reinstated the case.[7]

Also on January 6, 2026, Ms. Levy filed the Motion.

## II.    Discussion

### a.  Ms. Levy's Interest in the Property

Ms. Levy and her landlords apparently did not have a written agreement. But the record shows that Ms. Levy paid rent on a monthly basis.[8] As a matter of Hawaii law, this established a month-to-month tenancy.[9]

Hawaii law allows a landlord to terminate a month-to-month tenancy

---

[4] *Id*.

[5] ECF 33.

[6] ECF 37, 39.

[7] ECF 40.

[8] The Notice Letter states that Ms. Levy made monthly rent payments, including payments on February and March 2025 for rent due for October and November 2024. ECF 64.

[9] A month-to-month tenancy arises by operation of law when rent is paid and accepted monthly. In absence of an agreement in writing, a tenancy shall be month to month. *See* Haw. Rev. Stat. § 521-22; *see also Kiehm v. Adams*, 109 Haw. 296, 302, 126 P.3d 339, 345 (2005) (noting that the type of tenancy depends on the parties' intent and the characteristics of their occupancy).

U.S. Bankruptcy Court - Hawaii   #25-00947   Dkt # 68   Filed  04/08/26   Page 3 of 8

by giving 45-day written notice.[10] The Notice Letter set a termination date of June 30, 2025, giving Ms. Levy 48 days to vacate the Property.

After June 30, 2025, Ms. Levy no longer had a legal right to occupy the Property. Thus, when she filed her first bankruptcy case on July 1, 2025, she retained only a bare possessory interest pending Ms. Medeiros and Mr. Kidder's completion of the state court eviction process.

Under Hawaii law, the eviction process culminates in a writ of possession that cancels and annuls any "contract for the use of the premises . . . and the relation of landlord and tenant between the parties . . . ."[11] As a matter of bankruptcy law, the issuance of such an order "extinguishes all other legal and equitable possessory interests in the real property at issue."[12]

In this case, however, when the state court entered the writ of possession on December 23, 2025, Ms. Levy's second bankruptcy case was

---

[10] Haw. Rev. Stat. § 521-71(a); *see Peak Capital Group, LLC v. Perez,* 141 Hawaii 160, 407 P.3d 116 (2017) (holding that Haw. Rev. Stat. § 521-71 requires 45-day notice to vacate for valid month-to-month residential tenancies).

[11] Haw. Rev. Stat. § 666-13.

[12] *Eden Place, LLC, v. Perl (In re Perl)*, 811 F.3d 1120, 1127–28 (9th Cir. 2016) (although decided under California law, the same result would apply to a writ of possession under Hawaii law).

U.S. Bankruptcy Court - Hawaii  #25-00947  Dkt # 68  Filed  04/08/26  Page 4 of 8

pending. Therefore, the entry of the writ violated the automatic stay, and the writ is void.[13]

The very next day, this court dismissed Mr. Levy's first bankruptcy case. About a week later, the state court entered its judgment for possession. At that time, there was no automatic stay, so the judgment was valid.

But then Ms. Levy paid the filing fee (that she should have paid months earlier) and the court set aside the dismissal of the second case.

Neither party has addressed the legal question of the effect of the automatic stay on state court orders entered after a bankruptcy case is dismissed but before the bankruptcy court sets aside the dismissal. I need not decide that thorny question in this case. It is sufficient to observe that, ever since Ms. Levy filed her first bankruptcy case, she has had only the barest sliver of a possessory interest in the Property.

### b. Admissible Evidence Required for Stay Violation

---

[13] *See Schwartz v. United States (In re Schwartz)*, 954 F.2d 569 (9th Cir. 1992) (holding that actions taken in violation of the automatic stay are void).

U.S. Bankruptcy Court - Hawaii   #25-00947  Dkt # 68  Filed  04/08/26  Page 5 of 8

Even if Ms. Levy held a protected interest in the Property, she has not established a willful violation of the automatic stay. A violation is "willful" if the creditor knew of the bankruptcy and intentionally committed the act that violated the stay.[14] To prevail under 11 U.S.C. § 362(k), a debtor must prove that a willful violation of the stay occurred.

Ms. Levy did not present admissible evidence showing that Ms. Medeiros or Mr. Kidder willfully interfered with her utilities. Although she has attached numerous exhibits to her Motion, these documents consist of hearsay, unsworn statements, and unauthenticated evidence.[15]  Because Ms. Levy has failed to submit admissible evidence, she has not met her burden under § 362(k).

### c.  Damages

Moreover, even assuming a stay violation occurred and Ms. Levy offered admissible evidence of her damages, an award of damages would not be appropriate. After the 45-day notice period expired, Ms. Levy

---

[14] *Eskanos & Alder, P.C. v. Leetien*, 309 F.3d 1210, 1215 (9th Cir. 2002) (holding that a § 362(a) violation is "willful" when the creditor knows of the stay and intentionally performs the act that violates it).
[15] *See* Fed. R. Bankr. P. 9011(b) (requiring that factual contentions must have evidentiary support).

6

retained only a minimal possessory interest in the Property. Given the extremely limited nature of that interest, any substantial damages award would be disproportionate and would amount to a windfall.

The decision to award damages under § 362(k) is discretionary.[16] The court must determine whether damages are warranted under the circumstances presented.[17] In exercising that discretion, the posture of the case is relevant. Ms. Levy chose to file two chapter 7 liquidation cases, rather than a chapter 13 case. Chapter 13 allows debtors to cure defaults and address ongoing obligations through a repayment plan. Her decision to proceed under chapter 7 reflects that she was never pursuing a reorganization or attempting to resolve her underlying tenancy issues. She could have filed these cases only to invoke the automatic stay and delay her landlords, and not to cure her defaults and retain her tenancy. Ms. Levy's lack of good faith militates against a damages award.

Ms. Levy also seeks emotional distress damages based on her

---

[16] *See Snowden v. Check Into Cash of Wash., Inc.* (*In re Snowden*), 769 F.3d 651 (9th Cir. 2014) (noting that the bankruptcy court has discretion whether to award damages for a stay violation and that such decisions are reviewed for abuse of discretion).
[17] *Id.*

U.S. Bankruptcy Court - Hawaii   #25-00947   Dkt # 68   Filed  04/08/26   Page 7 of 8

assertions that Ms. Medeiros and Mr. Kidder's actions caused her fear and anxiety. Section 362(k) permits such damages only if the debtor "(1) suffer[s] significant harm, (2) clearly establish[es] the significant harm, and (3) demonstrate[s] a causal connection between that significant harm and the violation of the automatic stay."[18] Ms. Levy has not established that a stay violation occurred. Nor has she submitted admissible evidence demonstrating significant emotional harm or showing that any alleged harm was caused by a willful violation of the automatic stay rather than by the stresses inherent in her eviction.

### III.   Conclusion

Ms. Levy has not demonstrated that she held a protected interest in the Property at the time of the alleged conduct, nor has she provided admissible evidence of a willful violation of the automatic stay.

Ms. Levy's Motion for Violating the Automatic Stay is DENIED.

**END OF ORDER**

---

[18] *Id*. (quoting *Dawson v. Washington Mutual Bank, F.A. (In re Dawson)*, 390 F.3d 1139, 1149 (9th Cir. 2004) (explaining the three-part test for emotional distress damages under § 362(k)).

U.S. Bankruptcy Court - Hawaii  #25-00947  Dkt # 68  Filed  04/08/26  Page 8 of 8